IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOAMMAR A. ALI AL HERWI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10 C 7831 |
| v. | ) | |
| | ) | The Honorable William J. Hibbler |
| JONES LANG LASALLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Moammar Ali Al-Herwi (Al-Herwi) sued Jones Lang LaSalle[1], alleging that it discriminated

against him in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e. Al-Herwi also alleges that JLL also breached its employment contract with him and

wrongfully terminated him. JLL moves for judgment on the pleadings, arguing that Al-Herwi's

statutory discrimination claims fail and that his other claims should be dismissed on *forum non*

*conveniens* grounds.

---

[1] Al-Herwi sued "Jones Lang LaSalle," a company he alleged was located at 200 E. Randolph in Chicago, Illinois. Defendant states that this is the address for Jones Lang LaSalle Americas, Inc. (JLL-Americas). According to Defendant, JLL-Americas differs from the entity named in Al-Herwi's employment contract, JLL-Services. JLL argues that JLL-Services is a French Corporation headquartered in Dubai. Al-Herwi seems to argue that JLL-Services is just a division of JLL-Americas. Neither party fully briefs this issue and so the Court leaves it for another day. Because Al-Herwi names only Jones Lang LaSalle, the Court will refer to the Defendant as JLL. Neither party should construe this reference as a definitive ruling on the issue of what entity employed Al-Herwi or whether JLL-Services and JLL-Americas are separate corporations.

## I. Factual Background

On May 27, 2008, JLL hired Al-Herwi to work under its Dubai-Branch. JLL intended to immediately second Al-Herwi to Arabian & Arts Co. (aka Innovation), a company located in Saudi Arabia. Al-Herwi's contract stated that his secondment to Innovation was "for the purposes of [his] KSA residency only" and had no effect on the terms and conditions of his employment. Indeed, his contract directed him to report to JLL-Services in Saudi Arabia. The contract also contains a choice-of-law provision designating Saudi Arabian law as the governing law in the event of a dispute.

In March 2010, JLL terminated Al-Herwi. In its termination letter, JLL informed Al-Herwi that his "poor performance on a number of assignments" and "missed deadlines" were among the reasons for his termination. Al-Herwi then sued JLL in this District. He also sued Innovation in Saudi Arabia. In this case, Al-Herwi uses the Court's template for employment discrimination complaints. He checks the box stating that he was discriminated against on the basis of his national origin, but otherwise provides no factual allegations about the basis of the alleged discrimination. In Al-Herwi's charge before the EEOC, he stated that JLL discriminated against him "because of [his] national origin, Arabic."

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) permits a defendant to move for a judgment on the pleadings after a complaint and answer have been filed. Fed. R. Civ. P. 12(c). The Court reviews Rule 12(c) motions under the same standard it reviews motions under Rule 12(b)(6). *Buchanon-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Thus, the Court takes the facts alleged in the complaint as true and views them in the light most favorable to the plaintiff. *Id.* The Court need not, however, ignore facts set forth in the complaint that undermine the plaintiff's claim.

*Id.* Dismissal is appropriate where the pleadings fail to state a claim that is plausible on its face. *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## III. Analysis

JLL argues that Al-Herwi's § 1981 claim is not cognizable. JLL argues that § 1981 prohibits racial discrimination in contractual relationships and that claims for national origin discrimination under § 1981 are not cognizable. JLL concludes that because Al-Herwi checked the box for national origin discrimination on this Court's template for employment discrimination he cannot state a cognizable § 1981 claim.[2] JLL's argument takes hyper-technicality to an absurd level and grossly oversimplifies Supreme Court precedent. Its argument is frivolous.

Although the Supreme Court has held that § 1981 prohibits racial discrimination and not national origin discrimination, it does not define it so narrowly as JLL wishes to believe. *St. Francis College v. Al-Khaazraji,* 481 U.S. 604, 609-11, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). Rather, the Supreme Court observes that race is a difficult concept to define. *Id.* It concludes that § 1981 protects "identifiable classes of persons who are subject to intentional discrimination solely because of their ancestry or ethnic characteristics, "whether or not it would be classified as racial in terms of modern scientific theory." *Id.* at 613.

In applying *St. Francis College,* the Seventh Circuit has looked past the label given to the claim and looked to the substance of the allegations. For example, when a plaintiff claimed that he was discriminated against because he was Iranian, the Seventh Circuit did not merely consider the fact that the plaintiff had named his country of origin but rather looked to whether Iranians belonged

---

[2] It should be noted that nowhere does Al-Herwi explicitly mention § 1981. Rather, the Court's template mentions § 1981 in the parenthetical following the box for national origin discrimination.

to an identifiable class of persons subject to intentional discrimination because of their ancestry or ethnic characteristics. *Pourghoraishi v. Flying J. Inc.*, 449 F.3d 751, 757 (7th Cir. 2006).

Perhaps if *Pourghoraishi* were the only precedent in this Circuit, JLL could have at least made a good-faith argument in support of their motion. It is, however, not the only precedent. In *Abdullahi v. Prada USA Corp.*, the Seventh Circuit reversed the dismissal of a case with nearly identical facts to those present here. 520 F.3d 710 (7th Cir. 2008). In that case, the plaintiff, Parisima Abdullahi, used the court's template for employment discrimination claims. *Id.* at 711. Like Al-Herwi, Abdullahi proceeded *pro se*. *Id.* at 712. And like Al-Herwi, Abdullahi checked the box for national origin discrimination and not the boxes for race or color. *Id.* The Seventh Circuit observed that the Court's template does not explain the distinctions between race, color and national origin and that the differences between them are not always clear. *Id.* at 712-13; *see also Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 923 (7th Cir. 2007) (noting that there is "uncertainty about what constitutes race versus national origin discrimination). Thus, the Seventh Circuit concluded that it was reasonable to infer simply from the allegation that Abdullahi was Iranian that she had made a claim for discrimination based upon her race. *Abdullahi*, 520 F.3d at 712-13.

Despite this holding, which is directly on point, JLL would have the Court look only to the pre-printed label on the Court's template and not at the substance of Al-Herwi's allegations. In his Complaint, Al-Herwi makes clear he is of Arab descent, a "race" according to the Supreme Court. *St. Francis College*, 481 U.S. at 613.

JLL's next argument is equally frivolous. It argues that Al-Herwi cannot state a claim under Title VII because Al-Herwi stated that he was "Arabic" which JLL insists is a race and not a national origin. Of course, this argument also runs contrary to Seventh Circuit precedent. The EEOC defines

4

national origin discrimination broadly to "include the denial of employment opportunity because of an individual's, or his or her ancestor's, place of origin; or because an individual has the physical, cultural or linguistic characteristics of a national origin group." 29 C.F.R. § 1606.1. In applying this definition, the Seventh Circuit has held that the term "Hispanic" sufficiently identifies a person's national origin, even though Hispanics come from a number of different countries, to state a claim for national origin discrimination. *Salas*, 493 F.3d at 923. The logic of *Salas* applies equally to the term "Arabic."

Moreover, JLL's argument is disingenuous and internally inconsistent. When convenient for its § 1981 argument, JLL insists that Al-Herwi made only a national origin claim. When convenient for its Title VII argument, suddenly JLL insists that Al-Herwi's use of "Arabic" to describe his national origin must be a race.

The Court DENIES JLL's Motion for Judgment on the Pleadings with regard to Al-Herwi's statutory discrimination claims.

JLL's willingness to distort Supreme Court and Seventh Circuit precedent is troubling. Further troubling is JLL's willingness both to impose such a hyper-technical reading of Al-Herwi's complaint and to twist its interpretation of Al-Herwi's allegations to suit its needs. JLL acts like the playground bully who flips a coin, telling its opponent, "heads I win, tails you lose." The arguments put forward in these briefs have no place in litigation and violate Rule 11. Rule 11 requires parties to make only legal contentions that are warranted by existing law and refrain from making arguments for improper purposes. Not only did JLL grossly distort the holding of *St. Francis College*, it completely ignored the holding of *Abdullahi*, which is both directly on point and directly contrary to the legal contention that it has made. It also ignored *Salas*, which clearly undermines its

arguments. The ABA's Model Code of Professional Responsibility, incorporated in this District by Local Rule 83.50, requires lawyers to inform the Court of the existence of authority contrary to their position, unless their adversary has already done so. (ABA Model Code of Prof'l Responsibility EC7-23). By failing to cite either case in its reply, JLL violated this canon. In light of JLL's gross distortion of precedent and its frivolous arguments, the Court orders counsel for JLL to show cause on or before September 2, 2011, why they should not be sanctioned for violating Rule 11(b).

JLL has also moved to dismiss Al-Herwi's claims on the grounds of *forum non conveniens*. Given JLL's willingness to distort and conceal precedent that undermines their arguments and Al-Herwi's *pro se* status, the Court cannot be confident that this issue has been adequately briefed. The Court therefore DENIES JLL's motion to dismiss on *forum non conveniens* grounds without prejudice. JLL can refile that motion after the Court rules on the rule to show cause, at which time the Court will appoint counsel for Al-Herwi for the limited purpose of responding to the *forum non conveniens* argument.

IT IS SO ORDERED.

8/19/11
Dated

Hon. William J. Hibbler
U.S. District Court