# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7831 | **DATE** | 9/28/2012 |
| **CASE TITLE** | *Al Herwi v. Jones Lang LaSalle* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's motion for leave to amend [45-1] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff Moammar A. Ali Al Herwi moves to amend his complaint to add Jones Lang LaSalle Services Dubai Branch ("JLL-Dubai") as a defendant pursuant to Federal Rule of Civil Procedure 15(a). For the reasons set forth below, the plaintiff's motion is denied.

## I.  Facts

The following facts are taken from the amended complaint. On May 27, 2008, the plaintiff was hired by JLL-Dubai as a Senior Financial Analyst to work in its Dubai office. (Am. Compl., Dkt # 39-1, ¶ 7.) On March 16, 2010, JLL-Dubai terminated the plaintiff's employment asserting that he was performing poorly and failing to meet job requirements. (*Id*. ¶ 8.)

The currently-pending amended complaint names Jones Lang LaSalle, Inc. (JLL) as the sole defendant. (Am. Compl., Dkt # 39.) JLL is incorporated in Maryland. (Def.'s Resp., Ex A, Loue Aff., Dkt. # 50-1, ¶ 4). The amended complaint alleges discrimination, breach of the plaintiff's employment agreement, and wrongful termination by one of JLL's subsidiaries, JLL-Dubai. (Am. Comp., Dkt # 39.)

JLL-Dubai, the party whom the plaintiff seeks to add through his proposed amendment, is, through many layers, a wholly-owned subsidiary of JLL. (Def.'s Resp., Ex A, Loue Aff., Dkt # 50-1, ¶ 5.) JLL-Dubai provides services in the Middle East, North Africa, and in the Emirate of Dubai. (*Id*. ¶¶ 6-7.) Although JLL-Dubai is a subsidiary of JLL, the two companies do not share a board of directors or principal officers, and JLL has no role in the day to day operations of JLL-Dubai. (*Id*. ¶¶ 9, 10, 12.)

JLL answered the amended complaint on May 16, 2012, denying that it had employed the plaintiff. (Def.'s Resp., Dkt. # 50, at 2.) The plaintiff then filed the pending motion to amend the complaint,

**STATEMENT**

requesting the Court's leave to add JLL-Dubai as a defendant. (*Id*.).

## II. Discussion

A party may only amend its pleading once as a matter of course 21 days after serving it, or 21 days after service of a responsive pleading or 21 days after a service of a motion under Federal Rule of Civil Procedure Rule 12(b). Fed. R. Civ. P. 15(a)(1). For cases such as the plaintiff's, where he has already amended his complaint once, the party seeking to amend must have the opposing party's written consent or the leave of the court. *Id*. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted).

JLL contends that the proposed amendment is futile because the district court lacks personal jurisdiction over JLL-Dubai. "When a defendant's motion to dismiss [for lack of personal jurisdiction] is based on the submission of written materials, without the benefit of an evidentiary hearing, the plaintiff need only make out a *prima facie* case of personal jurisdiction." *GCIU–Employer Ret. Fund v. Goldfarb Corp*., 565 F.3d 1018, 1023 (7th Cir. 2009) (citation omitted). The Court draws all reasonable inferences in favor of the plaintiff and resolves all factual disputes in his favor. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 783 & n.14 (7th Cir. 2003) (citations omitted).

Federal courts sitting in diversity may exercise personal jurisdiction over nonresident defendants only if a court in the forum state would have such jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Because Illinois' long-arm statute extends to the maximum extent permitted by the Illinois and United States constitutions, jurisdiction under Illinois' long-arm statute is coextensive with federal due process requirements. 735 ILCS 5/2–209(c); *RAR, Inc. v. Turner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Thus, "the personal jurisdiction analysis collapses into a federal due process inquiry." *Foley v. Yacht Mgmt. Group, Inc*., No. 08 C 7254, 2009 WL 2020776, at *2 (N.D. Ill. Jul. 9, 2009) (citations omitted).

The Due Process Clause limits when a state can assert jurisdiction over non-resident corporations. *RAR,* 107 F.3d at 1277. The corporation must have "minimum contacts" with the state to satisfy "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state. *UBID, Inc. v. GoDaddy Grp., Inc*., 623 F.3d 421, 425 (7th Cir. 2010). A court may assert general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the state. *RAR*, 107 F.3d at 1277. Specific jurisdiction exists if a suit "arises out of" or "relates to" the defendant's contacts with the forum state even if those contacts are "isolated and sporadic." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985). To assert specific jurisdiction over a party, the main factor to consider is whether it was reasonably foreseeable to the defendant that its action could result in litigation in the state in question. *Burger King,* 471 U.S. at 472-74.

    A.    <u>General Jurisdiction</u>

JLL contends that the Court cannot exercise general personal jurisdiction over JLL-Dubai because JLL-Dubai does not have systematic and continuous contacts with the state of Illinois. "[G]eneral jurisdiction allows a defendant to be sued in the forum regardless of the subject matter of the litigation." *Purdue Research*, 338 F.3d at 787. The contacts required for general jurisdiction "must be so extensive as to

make it 'fundamentally fair to require [the defendant] to answer in any [Illinois] court in any litigation arising out of any transaction or occurrence taking place anywhere in the world.'" *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1025 (N.D. Ill. 2004) (quoting *Purdue Research*, 338 F.3d at 787). The standard for establishing general jurisdiction is a demanding one that is "considerably more stringent than that required for specific jurisdiction." *Purdue Research*, 338 F.3d at 787.

As an initial matter, the Court notes that "jurisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984). Thus, the fact that the Court has jurisdiction over JLL does not mean jurisdiction exists over JLL-Dubai. Nor can the plaintiff meet his burden of proving personal jurisdiction over JLL-Dubai simply by demonstrating, as he attempts to do, that JLL and JLL-Dubai are affiliated.[1] As noted by the Seventh Circuit, "constitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000).

The plaintiff has not demonstrated that JLL failed to observe corporate formalities or that it exhibited a high degree of control over JLL-Dubai. As an initial matter, the plaintiff's evidentiary support is lacking in that none his supporting documents are authenticated. Disregarding the authentication problem, the plaintiff's vague references to shared logos, websites and advertising are unpersuasive. *Collazo v. Enter. Holdings, Inc.*, 823 F. Supp. 2d 865, 871 (N.D. Ind. 2011) (reference on website to Enterprise's 7,000 branches in the absence of a discussion of the ownership structure "provides no evidence that Enterprise exerted the 'unusually high degree of control' over its subsidiaries needed to premise jurisdiction over Enterprise Holdings on the contacts of its Indiana subsidiary"). Similarly, the plaintiff's unsubstantiated and conclusory assertion that JLL "controls" JLL-Dubai also fails. *Purdue Research*, 338 F.3d at 788 n.17 ("Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent.") (quotation marks and internal citations omitted).

For its part, JLL has submitted the declaration of Thierry Loue, who is employed by Jones Lang LaSalle UAE Ltd.– Dubai Branch (which the Court has referred to herein as "JLL-Dubai") and is the Chairman of the Middle East and North Africa ("MENA") region. (Def.'s Resp., Ex. A, Loue Decl., Dkt. # 50-1, ¶ 4.) Prior to 2012, Jones Lang LaSalle UAE Ltd. – Dubai Branch was known as Jones Lang LaSalle Services SAS–Dubai Branch, the entity that employed the plaintiff. (*Id*. ¶ 5.) Loue attests that JLL-Dubai operates solely in the Emirate of Dubai and in the countries of the MENA region (*id*. ¶ 7) and JLL-Dubai does not maintain offices or employees in the State of Illinois. (*Id*. ¶ 8.) Moreover, JLL and JLL-Dubai do not share a board of directors or principal officers (*Id*. ¶¶ 9-10), JLL has no role in the day to day operations of JLL-Dubai, (*id*. ¶ 12), and JLL and JLL-Dubai have separate corporate books, financial records, bank accounts, and policies. (*Id*. ¶ 11.)

Thus, the plaintiff has failed to demonstrate that the Court can exercise general jurisdiction over JLL-Dubai.

B.  Specific Jurisdiction

In examining a defendant's contacts with a particular state for the purposes of specific personal jurisdiction, the Court must determine whether the defendant "purposefully availed itself of the privilege of conducting activities" in the forum state so that it "should reasonably anticipate being haled into court there." *RAR*, 107 F.3d at 1277. In other words, the focus of the Court's inquiry must be on the "relationship among

**STATEMENT**

the defendant, the forum, and the litigation." *Heritage House Rests., Inc. v. Cont'l Funding Grp., Inc.*, 906 F.2d 276, 283 (7th Cir. 1990) (citation and internal quotation marks omitted). Contacts that are "random, fortuitous, or attenuated" are not sufficient to establish that a state's exercise of personal jurisdiction over the defendant was foreseeable. *Heritage House*, 906 F.2d at 283 (citation and internal quotation marks omitted).

The facts in this case are clear that JLL-Dubai has had no significant contact with Illinois. The plaintiff has pointed to no evidence suggesting that his contract was negotiated in Illinois, or that the facts allegedly supporting his employment discrimination and breach of contract claims took place in Illinois. Indeed, the plaintiff alleges that he was hired to work in the office in JLL-Dubai's office in Saudi Arabia (Am. Compl., Dkt. # 39, ¶ 7), the plaintiff did not work in Illinois (*id.*), and the letter terminating the plaintiff was sent from JLL-Dubai to the plaintiff in Saudi Arabia. (Pl.'s Reply, Dkt. # 51, Ex. 2.1.) No actions that JLL-Dubai has taken could be considered purposely directed at this forum in order to establish specific personal jurisdiction.

**III.    Conclusion**

For the reasons stated above, the Court finds that it cannot exercise personal jurisdiction over JLL-Dubai. Accordingly, the plaintiff's motion to amend his complaint [45-1] is denied.

---

1. As previously noted, JLL and JLL-Dubai are affiliated through a long sequence of wholly owned subsidiaries as detailed in Loue's declaration (Loue Decl., Dkt. # 50-1, ¶ 5.)